**Nathaniel Jerome WILLINGHAM, Plaintiff–Appellant,**

v.

**CITY OF SAN LEANDRO, a public entity; et al., Defendants–Appellees.**

**No. 08–17387.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 3, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nathaniel Jerome Willingham, Jacksonville, NC, pro se.

Alan M. Cohen, Esquire, Kimberly E. Colwell, Esquire, Moira Kathleen O'Neill, Esquire, Meyers, Nave, Riback, Silver & Wilson, Oakland, CA, Joseph M. Quinn, Esquire, Meyers Nave Riback Silver & Wilson, San Francisco, CA, for Defendants–Appellees.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Nathaniel Jerome Willingham appeals pro se from the district court's judgment after a jury trial in his 42 U.S.C. § 1983 action alleging, inter alia, that police officers lacked probable cause to arrest him for public intoxication. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an order for judgment as a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

847

matter of law. *Torres v. City of L.A.*, 548 F.3d 1197, 1205 (9th Cir.2008). We review for prejudice the denial of requested jury instructions. *Criswell v. Western Airlines, Inc.*, 709 F.2d 544, 552 (9th Cir.1983). We review for sufficiency of evidence a jury's verdict. *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 651 n. 5 (9th Cir.2005). We review for an abuse of discretion evidentiary rulings. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004). We affirm.

Willingham contends in error that the district court dismissed counts three and four of his Amended Complaint; it did not.

The district court properly denied Willingham's motion for judgment as a matter of law. Under California Penal Code section 647(f), officers may arrest a suspect whenever they have probable cause to believe he violated the statute regardless of whether or not the arrestee could have been properly convicted of a violation. *See In re R.K.*, 160 Cal.App.4th 1615, 1624, 73 Cal.Rptr.3d 575 (2008) (recognizing that "regardless of how an intoxicated person comes to be in a public place, the police must necessarily have the authority to arrest and remove that person" even if a subsequent conviction might be improper.) (citations and internal quotation marks omitted).

Willingham's remaining challenges to this ruling are unavailing as they concern the facts properly found by the jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

The jury's verdict was supported by "substantial evidence." *Watec Co., Ltd.*, 403 F.3d at 651, n. 5.

Willingham failed to demonstrate that he was prejudiced by the district court's decision not to provide certain proposed instructions to the jury. *Criswell*, 709 F.2d at 552.

The district court did not abuse its discretion either by admitting impeachment evidence of Willingham's disbarment, *see U.S. v. Jackson*, 882 F.2d 1444, 1448 (9th Cir.1989) (affirming introduction of defendant's 12–year–old disbarment as impeachment evidence in criminal case), or by excluding evidence of alleged misconduct by a police officer, *see* Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

The district court did not abuse its discretion by denying Willingham's motion to disqualify the district court judge. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We affirm summary judgment for defendants on Willingham's claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Fisher v. City of San Jose*, 558 F.3d 1069, 1085 (9th Cir.2009) (en banc) (holding jury's verdict against plaintiff on Fourth Amendment claim mooted his *Monell* claim).

We do not consider Willingham's contention that the district court improperly denied his motion to continue the trial because he has not provided us with a record concerning this ruling. *See Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir.1991) (dismissing appeal of pro se appellant who did not ensure that the court had a complete trial transcript to enable review of his contentions).

Willingham's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.